William S. SMITH, Plaintiff—
Appellant,

v.

Benjamin De HAAN, Acting Director
Oregon Department of Corrections;
Jean Hill, Superintendent, Snake Riv-
er Corrections Institution; Jeffery
Curtis, Staff Member, Snake River
Correctional Institution and John
Doe, Defendants—Appellees.

No. 04–35581.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 8, 2006.

William S. Smith, OSP–Oregon State
Penitentiary, Salem, OR, pro se.

Barry M. Kaplan, Esq., Douglas W.
Greene, Esq., Aravind Swaminathan, Esq.,
Wilson Sonsini Goodrich & Rosati, Seattle,
WA, for Plaintiff–Appellant.

Steven R. Powers, Esq., AGOR–Office of
the Oregon Attorney General, Salem, OR,
for Defendants–Appellees.

Before: WALLACE, WARDLAW, and
FISHER, Circuit Judges.

## MEMORANDUM *

William S. Smith appeals from the judgment of dismissal of his claims brought under the Americans with Disabilities Act (ADA) on the basis of his failure to exhaust administrative remedies. Smith proceeded pro se in the district court, but was represented by appointed counsel on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

Smith first argues that the exhaustion requirements of the Prison Litigation Reform Act (PLRA) do not apply to ADA actions. This argument is foreclosed by both the language of the statute and a Supreme Court case. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought *with respect to prison conditions* under … [42 U.S.C. § 1983], *or any other Federal law,* by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted" (emphasis added)); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

Smith also argues that the district court erred by failing to give him, as a prisoner pro se litigant, notice under *Rand v. Rowland,* 154 F.3d 952 (9th Cir.1998) (en banc). Among other requirements, *Rand* requires that "the pro se prisoner [must] be informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that the failure to do so might result in the entry of summary judgment against the prisoner." *Id.* at 960. We have held that *Rand's* requirements also apply in cases, such as the present action, where defendants bring an unenumerated Rule 12(b) motion to dismiss on the basis of failure to exhaust administrative remedies. *See Wyatt v. Terhune,* 315 F.3d 1108, 1120 n. 14 (9th Cir.2003). It is undisputed that no such notice was given and that this constituted error.

Appellees argue that this error was harmless because Smith chose to challenge the applicability of the PLRA's exhaustion requirement instead of introducing evidence relevant to exhaustion. Appellees contend that Smith's argument shows "a sufficient familiarity with the process."

We have previously indicated that it is only in an "unusual" case in which a *Rand* violation is harmless. *See Rand,* 154 F.3d at 961–62. We have further stated that "[b]ecause [our cases] establish[ ] notice as a substantial right, any error in failing to provide that notice will necessarily affect the substantial rights of the parties." *Id.* (internal quotation marks, alterations, and citations omitted).

There is no indication in the record that Smith was aware of his right to file affidavits and other supporting material in opposition to appellees' motion. Nor does Smith's legal argument in the district court demonstrate any such awareness. Furthermore, if Smith had been aware of this right, he might have chosen to file affidavits, *in addition to* challenging the applicability of the PLRA's exhaustion requirement.

We therefore conclude that the *Rand* error was not harmless. We vacate the district court's judgment and remand for further proceedings.

**VACATED AND REMANDED.**

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.